United States District Court
Southern District of Texas
**ENTERED**
December 29, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK STUYVESON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-308 |
| § | |
| OFFICER MCCULLUM, *et al*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS ACTION

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1), and further, that this action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Garza West Transfer Facility in Beeville, Texas. He is currently serving three sentences, all of which were entered on October 20, 2015, in Nueces County, but in three different criminal actions. He is serving a four-year sentence for aggravated assault in Case No. 12-CR-3777-A; a four-year sentence for burglary of a habitation in Case No. 14-CR-4408-A; and a 1.5-year sentence for possession of methamphetamine in Case No. 12-CR-3015-A.

Plaintiff filed his original complaint on July 22, 2015, that is, prior to his convictions, while he was confined in the Nueces County Jail. (D.E. 1). Plaintiff claimed that he had been unlawfully arrested on December 21, 2014, by Officer McCullum, and that his court-appointed attorney, Jackie Chapa, and the Nueces County courts, denied him due process.

A *Spears*[1] hearing was conducted on October 15, 2015. The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing.

On December 21, 2014, Officer McCullum arrested Plaintiff for criminal trespass. While detained in the squad car, Plaintiff witnessed Officer McCullum change a burglary warrant that had the name "Bustlo" on it, to Plaintiff's name.

Plaintiff was charged with burglary of a habitation and criminal trespass in Case No. 14-CR-4408A, in the 28th Judicial District Court of Nueces County, Texas, In addition, motions to revoke his parole were filed in two 2012 actions, Case No. 12-CR-3014A and 12-CR-3777A, also pending in the 28th Judicial District Court, Judge Nanette Hasette presiding. (D.E. 1, pp. 11-13).

Plaintiff was appointed Jackie Chapa to represent him in the criminal proceedings. However, in May 2015, he petitioned for a new attorney because Ms. Chapa would not return his calls or give him "the respect a client should have." (D.E. 1, p. 10).

Plaintiff was appointed a new attorney, Mr. Hoelscher, to represent him at trial. The criminal trespass charge was dismissed and Plaintiff went to trial on the burglary of a habitation charge only. The jury found him guilty.

Plaintiff is appealing his criminal conviction. He has not filed a habeas corpus petition.

For relief, Plaintiff wants the matter "resolved" without charges in the criminal case. (D.E. 1, p. 4).

---

1 *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

### III. LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

### IV. DISCUSSION.

#### A. Illegal arrest claims barred by *Heck*.

Plaintiff claims that, regarding the burglary of a habitation charge against him, Officer McCullum fabricated a false arrest warrant in violation of his Fourth Amendment rights.

It is well established that to recover damages for an allegedly

> …unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42. U.S.C. § 1983. *Id.* If judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

When Plaintiff filed his original complaint on July 22, 2015, he had not yet gone to trial. On September 9, 2015, Plaintiff filed a letter/notice with this Court complaining that Judge Hasette had proceeded with the burglary of a habitation charge against him, and that his new attorney, Mr. Hoelscher, refused to postpone the trial. He complained also that the prosecuting district attorney had lied to Judge Hasette, claiming Mr. Hoelscher was Plaintiff's third attorney. At the *Spears* hearing, Plaintiff testified that the jury found him guilty, and on October 20, 2015, Judge Hasette sentenced him to four years in the TDCJ-CID. As such, Plaintiff offers no evidence that the challenged criminal conviction has been set aside or invalidated, and therefore, he has no cognizable constitutional claim against Officer McCullum for unlawful arrest. Accordingly, it is respectfully recommended that this claim be dismissed with prejudice for failure to state a claim and/or as frivolous.

### B.   Ineffective trial counsel.

Plaintiff has sued his court-appointed defense counsel, Jackie Chapa, alleging that she refused to conduct proper discovery or request a discovery hearing regarding the falsification of the warrant.

To state a claim under § 1983, a plaintiff must allege a deprivation of a right or interest secured by the Constitution and laws of the United States, and that the deprivation occurred under color of state law.  42 U.S.C § 1983.  For a private individual to be acting under color of state law, the deprivation of a federal right "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State, or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

The courts have uniformly concluded that a private defense lawyer, whether court-appointed or retained, is not a state actor for purposes of 42 U.S.C. § 1983 liability.  *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Thus, Plaintiff fails to state a claim upon which relief can be granted against Ms. Chapa as one of his criminal defense lawyers, and it is respectfully recommended that this claim be dismissed with prejudice.

### C. Nueces County courts.

Plaintiff has sued the "Nueces County courts" alleging unlawful detainment and falsified evidence. However, the court system, as a department of Nueces County, is not a "person" for purposes of § 1983 liability, and is therefore not an appropriate party. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). For purposes of § 1915A screening, it will be assumed that Plaintiff intended to sue Nueces County.

A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective

deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

Plaintiff maintains that Officer McCullum essentially framed him for a crime by falsifying a warrant for burglary of a habitation. However, even if this fact is accepted as true, Plaintiff offers no reason to suggest how a custom or practice of Nueces County would influence the actions of a police officer employed by the City of Corpus Christi. To the extent Plaintiff is arguing that Nueces County has a custom or policy of not cooperating with pretrial detainees' independent discovery requests, it would be unreasonable for the County to be expected to reply to both Plaintiff's attorney and to Plaintiff. Plaintiff admits that he was at all times represented by counsel during his criminal trial, and, when he objected to Ms. Chapa, he was appointed new counsel. Plaintiff fails to state a claim against Nueces County.

### D. Conspiracy.

Finally, to the extent Plaintiff is suggesting that there was a conspiracy between Officer McCullum, Ms. Chapa, and the Nueces County courts, there is no factual basis to support such a claim. *See Mills,* and *Marts, supra. See also Babb v. Dorman,* 33 F.3d 472. 476 (5th Cir. 1994) (citing *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exist are insufficient to state a conspiracy claim). Any conspiracy claims must be dismissed for failure to state a claim and/or as frivolous.

## V.  RECOMMENDATION.

Plaintiff fails to state cognizable constitutional violations for purposes of § 1983. Accordingly, it is respectfully recommended that Plaintiff's claims be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Moreover, at the *Spears* hearing, Plaintiff was advised that any valid challenges to his conviction including Fourth Amendment or ineffective assistance of counsel claims must be pursued on direct appeal or in a habeas corpus proceeding, and only if he successfully set aside his conviction would § 1983 damage claims be appropriate. That said, Plaintiff was given the opportunity to voluntarily dismiss his action without prejudice and without payment of the filing fee. Plaintiff declined to do so. Thus, it is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and should this recommendation be adopted, that a PDF version of this recommendation and Order adopting it be sent via email to Lori Stover at Lori Stover/TXED/05/USCOURTS. To the extent Plaintiff has raised any claims sounding in habeas corpus, it is respectfully recommended that those be dismissed without prejudice.

Respectfully submitted this 29th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).